HENRY ROBINSON

v.

THE TRUSTEES OF SCHOOLS T. 4 N. R. 10 W.

EVIDENCE. Where two of the makers of a promissory note to the trustees of schools for money borrowed by them, the note being payable twelve months after date, testified to its payment to the treasurer one month after its date, he being in a wagon on the public road, and the proof showed that at the time fixed by one of them for the payment, the treasurer was confined to his bed by sickness, and that he was dead some weeks before the time fixed by the other, and the proof also showing that these makers were at the time pressed for money, and that they gave a mortgage, over two months after the time of the alleged payment, to their surety, to indemnify him against the payment of this and another note: *Held*, that the jury were justified in finding that the note had not been paid.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of debt, by the trustees of schools of township four north, range ten west, against Robert and Harmon Pabitsky and Henry Robinson, on a promissory note. The facts of the case are fully stated in the opinion. Robinson alone appealed.

Messrs. DALE & BURNETT, for the appellant.

Mr. G. M. COLE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellees, in the circuit court of Madison county, against appellant and others. The action was brought on a writing obligatory for the payment of one hundred dollars, within one year, with interest at the rate of ten per cent per annum, payable semi-annually. Defendants filed a plea of *nil debet*. A trial was had at the

October term, 1872, by the court and a jury, when a verdict was found for the plaintiffs for $180.10. After overruling a motion for a new trial, the court below rendered judgment on the verdict, from which defendant Robinson prosecutes an appeal to this court, and asks a reversal upon the ground that the verdict is not sustained by the evidence.

On the trial in the court below, the two makers Pabitsky testified, the one that he paid the note, and the other that he saw his brother pay it. The first states that he paid the money between the 20th and 24th of November, and the evidence is clear that Ashby, to whom he testified he paid it, died on the 26th of that month, and the evidence is convincing that Ashby was unable to leave his house for three or four weeks previous to his death, and was unable to have sat up and rode in a wagon. Hence it is clear that Pabitsky could not have met Ashby in a wagon on the road, at the time he says he paid the money. The note was given but a month and a few days before he says he paid the money.

His brother fixes the time of payment on the 14th or 15th day of December, some three weeks after the death of Ashby, so that his evidence as to the time of payment is wholly worthless. Again, a mortgage was given by the Pabitskys to the surety on this note, on personal property, to secure him against loss for the payment of this and another note which he had indorsed for them. The mortgage bore date the 24th of February, 1865, three months after Robert, and two and more after Hiram Pabitsky swear the note was paid. It is true, they say it was drawn at the time the note was given, but was not dated, signed by Hiram, or executed until the time it bears date, and that it was not altered. In this they are not supported, when, if their version of the matter is true, it would seem corroborating evidence could have been easily obtained.

The Pabitskys are shown to have been hard pressed for money about and at the time they claim the money was paid. And it is not reasonable to suppose that a school treasurer

would have given away a month's interest when it belonged to the school fund. Nor is it probable that persons pressed as they were would meet a note which still had nearly eleven months to run. All of the evidence considered, we think the jury were fully warranted in finding their testimony was overcome by the other evidence in the case, and we think the verdict was sustained by the evidence.

The judgment of the court below is affirmed.

*Judgment affirmed.*